IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KIM MARLENE HETRICK, | ) | |
| | ) | |
| Plaintiff, | ) | 8:15CV234 |
| | ) | |
| v. | ) | |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | MEMORANDUM OPINION |
| Commissioner of the Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court for judicial review of a final decision of defendant, Carolyn W. Colvin, Acting Commissioner of the Social Security Administration ("Commissioner" or "defendant") pursuant to 42 U.S.C. § 405(g) of the Social Security Act (the "Act").[1] The matter has been fully briefed by the parties in accordance with the Court's September 2, 2015 order (Filing No. 12).[2] *See* Filing Nos. 14 and 15. After review of the record, the parties' briefs, and applicable law, the Court finds as follows.

---

[1] Certain provisions of the Act have been amended by the Bipartisan Budget Act of 2015, Pub. L. 114-74, 29 Stat. 584 (2015). However, the specific sections and subsections cited within this memorandum opinion are unaffected by the changes therein.

[2] The plaintiff entitled her brief (Filing No. 14) "Plaintiff's Opening Brief in Support of Summary Judgment on a Social Security Appeal." The Court will construe plaintiff's brief as a brief in support of plaintiff's complaint.

**BACKGROUND AND PROCEDURAL HISTORY**

On April 20, 2012, the plaintiff, Kim Marlene Hetrick ("plaintiff"), sought a period of disability and disability insurance benefits by filing a Title II application in accordance with 42 U.S.C. §§ 401-434 (Filing No. 14 at 1). Plaintiff claims disability due to "back pain, bilateral carpal tunnel syndrome, bilateral tennis elbow, and problems sleeping due to pain." (*Id.*) Plaintiff also claims to suffer from chronic obstructive pulmonary disease ("COPD"). (*Id.* at 2). Plaintiff alleges her disability began on April 1, 2011. (*Id.* at 1).

On June 8, 2012, plaintiff's initial application for a period of disability and disability insurance benefits was denied (Filing No. 10-3 at 2-10). Her application was denied again on reconsideration on August 1, 2012. (*Id.* at 11-20). On March 10, 2014, after an administrative hearing, plaintiff's application was once again denied by an administrative law judge ("ALJ"). (Filing No. 10-2 at 12-23). Although the plaintiff sought review of the ALJ's denial, the Appeals Council denied her request for any additional review. (*Id.* at 2-6). Thus, the ALJ's decision became "the final agency decision." (Filing No. 14 at 2; *see also* Filing No. 10-2 at 2-6 (explaining ALJ's "decision is the final decision of the Commissioner" and explaining the process for filing a civil action in federal court)).

On June 25, 2015, plaintiff filed a civil action in this Court seeking review of the Commissioner's denial of her Title II application (Filing No. 1).  Plaintiff asks the Court to find "that [she] is entitled to Social Security Disability Insurance Benefits . . . or [to] [r]emand the case for a further hearing."  (*Id.* at 2).  Plaintiff contends the ALJ's decision to deny her benefits was erroneous based on four issues.  *See* Filing No. 14 (arguing the ALJ: (1) failed "to find [that] [p]laintiff's COPD [is] a severe impairment;" (2) that the residual functional capacity determination is "not supported by substantial evidence;" (3) that the ALJ's "credibility determination is not supported by substantial evidence;" and (4) that the "Step 5 determination is not supported by substantial evidence.").  The defendant counters by arguing that plaintiff "had a fair hearing and full administrative consideration . . . [and] [s]ubstantial evidence on the record as a whole supports the Commissioner's decision."  (Filing No. 15 at 19).

**LAW**

District courts have authority to review the Social Security Administration's final decision denying an applicant's Title II request for Social Security disability insurance benefits.  *See* 42 U.S.C. § 405(g).  The statute provides courts

guidance as to the decisions courts can render and the deference that ought to be given upon review:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . .

*Id.*

Courts within the Eighth Circuit "defer heavily to the findings and conclusions of the Social Security Administration." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (citing *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001)). An ALJ's "decision must be affirmed 'if it is supported by substantial evidence on the record as a whole.'" *Barrows v. Colvin*, No. C 13-4087-MWB, 2015 WL 1510159, at *7 (N.D. Iowa, March 31, 2015) (quoting *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006)) (internal citations omitted). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision." *Juszczyk v. Astrue*, 542 F.3d 626, 631 (8th Cir. 2008) (quoting *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007)). "If substantial evidence supports the

ALJ's decision, [a court] will not reverse the decision merely because substantial evidence would have also supported a contrary outcome, or because [the court] would have decided differently." *Barrows*, 2015 WL 1510159, at *7 (quoting *Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010)) (internal citations omitted). "[A] reviewing court should not consider a claim *de novo*, nor abdicate its function to carefully analyze the entire record." *Nevland v. Apfel*, 204 F.3d 853, 857 (8th Cir. 2000).

**DISCUSSION**

The Court finds that the ALJ's decision denying plaintiff's Title II application should be affirmed. Plaintiff assigns four errors as issues before the Court. Those issues are addressed below.

**A. Plaintiff's COPD as a Severe Impairment**

In order for a claimant to receive disability benefits under 42 U.S.C. §§ 401 et seq., the claimant must show that he or she is disabled as defined in the Act. *See* 42 U.S.C. § 423(d)(1)(A). The Social Security Administration uses a five-step process for determining whether or not a claimant is disabled. *See* 20 C.F.R. § 404.1520. Step two of the analysis requires a determination as to the severity of the claimant's impairment or impairments. *See* 20 C.F.R. § 404.1520(c). The ALJ determined that plaintiff's COPD was not a severe impairment

(Filing No. 10-2 at 18).  Plaintiff claims this determination was erroneous because the "ALJ offered no further analysis or explanation regarding [p]laintiff's COPD or its effects either on her ability to function or engage in competitive employment." (Filing No. 14 at 9-10).

The Court disagrees.  The ALJ considered:  (1) plaintiff's testimony regarding her breathing issues (Filing No. 10-2 at 19); (2) plaintiff's testimony regarding her attempts to quit smoking (*Id.* at 19-20); (3) the plaintiff's use of a non-prescribed inhaler to help her airway (*Id.* at 20); and (4) the plaintiff's medical records (*see, e.g.*, *id.* at 20-21).  The Court finds that the ALJ's determination that the plaintiff's COPD was not a severe impairment is supported by substantial evidence.  Accordingly, the ALJ's determination that plaintiff's COPD was not a severe impairment is affirmed.

**B. The Residual Function Capacity Determination**

A claimant's residual function capacity is the most an individual can do in a work setting despite limitations.  *See* 20 C.F.R. § 404.1545(a)(1).  The ALJ's decision stated:

> the undersigned finds that the
> claimant has the residual function
> capacity to occasionally lift and
> carry up to 20 pounds and 10 pounds
> frequently and push and pull as
> much . . . can walk, sit and stand
> up to 6 hours . . . frequently

> handle and finger bilaterally . . .
> frequently climb ramps and stairs
> but can never climb ladders or
> scaffolds . . . can occasionally
> stoop, kneel, or crouch . . . [but]
> never crawl . . . [and] is limited
> to hearing and understanding simple
> oral instructions.

(Filing No. 10-2 at 18-19).

Plaintiff claims the ALJ's residual function capacity determination is not supported by substantial evidence because, the ALJ "fail[ed] to afford controlling weight" to Dr. Hoelting, the plaintiff's "treating physician." (Filing No. 14 at 12). Plaintiff also argues the ALJ's determination "fails to adequately account for [p]laintiff's severe and non-severe impairments, particularly her progressive hearing loss and COPD." (*Id.* at 14).

Defendant counters that "'[i]t is the claimant's burden, and not the Social Security Commissioner's burden, to prove the claimant's [residual function capacity].'" (Filing No. 15 at 11-12) (quoting *Baldwin v. Barnhart*, 349 F.3d 549, 556 (8th Cir. 2003)) (internal citations omitted). Defendant also argues "Dr. Hoelting's opinions [are] not entitled to treating physician analysis . . . [because plaintiff] has not shown that she had an ongoing treating relationship with him." (*Id.* at 12 (citing 20 C.F.R. 404.1502)).

The Court finds that the ALJ's determination regarding plaintiff's residual function capacity should be affirmed.  The ALJ's determination is supported by substantial evidence.  The Court is satisfied that the ALJ carefully considered "the entire record" including "all symptoms and the extent to which [those] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence" in accordance with 20 C.F.R. § 404.1529 and SSRs 96-4p and 96-7p.  (Filing No. [10-2](#) at 18-19).  The ALJ "also considered opinion evidence" in accordance with the statutory requirements.  *See id.* at 19; *see also Juszczyk*, 542 F.3d at 632 (indicating "ALJ's are not obliged to defer to treating physician's medical opinions unless they are 'well supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with the other substantial evidence in the record.'")) (quoting *Ellis v. Barnhart*, 392 F.3d 988, 995 (8th Cir. 2005)).  Accordingly, the ALJ's residual function capacity determination is affirmed.

**C. The Credibility Determination**

"The credibility of a claimant's subjective testimony is primarily for the ALJ to decide, not the courts." *Baldwin*, 349 F.3d at 558 (citing *Benskin v. Bowen*, 830 F.2d 878, 882 (8th Cir. 1984)).  "Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole." *Id.*  Courts

"'will not disturb the decision of an ALJ, who considers, but for good cause expressly discredits, a claimant's complaints . . . .'" *Baker v. Barnhart*, 457 F.3d 882, 894 (8th Cir. 2006) (quoting *Goff v. Barnhart*, 421 F.3d 785, 792 (8th Cir. 2005)).

The ALJ stated: "the claimant's statements concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely credible." (Filing No. 10-2 at 20). The ALJ based this conclusion on the scant medical evidence available and indicated that the plaintiff's allegations appeared to be "exaggerated." *See id.* at 19-20. The Court's thorough review of the record as a whole leads the Court to affirm the credibility decision of the ALJ. The available medical and other evidence is substantial enough to support the ALJ's credibility assessment regarding plaintiff's statements and testimony with respect to her symptoms. Accordingly, the ALJ's determination as to plaintiff's credibility is affirmed.

**D. The Step Five Determination**

The fifth and final step in the Commissioner's decision regarding a claimant's disability is to consider the claimant's "residual function capacity . . . age . . . education, and work experience" to see if the claimant "can make an adjustment to other work." If the adjustment can be made, the claimant will not be considered disabled. *See* 20 C.F.R. 404.1520(a)(4)(v).

The ALJ concluded "the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy. A finding of 'not disabled' is therefore appropriate . . . ." (Filing No. 10-2 at 22-23).

The plaintiff alleges the ALJ's step five determination was erroneous because "the ALJ's errors in determining [p]laintiff's [residual function capacity] and credibility render the Step 5 determination inherently unsupported by substantial evidence." (Filing No. 14 at 17). Plaintiff also claims the ALJ's determination was made in error due to the ALJ's reliance on a vocational expert's testimony "elicited in response to an incomplete hypothetical question" unsupported by substantial evidence. (*Id.*)

The Court has already concluded that the ALJ's decisions pertaining to the plaintiff's residual function capacity and credibility ought to be affirmed; therefore, the Court will forego any further discussion with respect to those determinations here. With respect to the ALJ's reliance on the vocational expert's testimony and the hypothetical questions posited by the ALJ, the Court finds no error as the hypothetical questions were "'supported by substantial evidence in the record and accepted as true by the ALJ.'" (*Id.*) (quoting *Guilliams v. Barnhart*, 393 F.3d 798, 804 (8th Cir. 2005)) (internal citations

omitted). Therefore, because the Court affirms the residual function capacity and credibility determinations of the ALJ, and because the ALJ's hypothetical questions were not improper, the Court will not disturb the defendant's step five determination. Accordingly, the ALJ's step five determination is affirmed.

**CONCLUSION**

A thorough review of the record leads the Court to find that substantial evidence supports the decision of the ALJ. In addition, the Court finds no errors of law. For the foregoing reasons the Court will affirm the decision of the Social Security Administration denying the plaintiff's Title II application. A separate order will be entered herein in accordance with this memorandum opinion.

DATED this 14th day of January, 2016.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court